FILED
2020 Aug-11 AM 09:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| STEPHANIE MAXEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:20-cv-01067-AKK |
| | ) | |
| S&S CHECK SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff, STEPHANIE MAXEY ("Plaintiff"), by and through her attorneys, Walker McMullan, Attorneys, alleges the following against Defendant, S&S CHECK SERVICES, LLC ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's First Amended Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Count II of Plaintiff's First Amended Complaint is based on the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-5, et seq. ("ADTPA").

**JURISDICTION AND VENUE**

3. This court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claim contained within because it is so related to the claim in the action within such original jurisdiction that it forms part of the same case or controversy
6. Venue and personal jurisdiction in this district are proper because Defendant does or transacts business within this district, and a material portion of the events at issue occurred in this district.

**PARTIES**

7. Plaintiff is a natural person residing in the City of Birmingham, Jefferson County, State of Alabama.
8. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).
9. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).
10. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).
11. Plaintiff is, and at all times mentioned herein, a "person" as defined by § 8-19-3(5) of the ADTPA.
12. Defendant is, and at all times mentioned herein, a "person" as defined by § 8-19-3(5) of the ADTPA.
13. Defendant is, and at all times mentioned herein, engaged in "trade" or "commerce" as defined by § 8-19-3(8) of the ADTPA.
14. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.
15. Defendant is a New York limited liability company and national debt collection agency headquartered in the Town of Amherst, Erie County, State of New York.
16. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

17. When an unpaid, outstanding account is placed with Defendant it is assigned a reference number.

18. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

19. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

20. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

21. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

22. Defendant is attempting to collect a consumer debt from Plaintiff, allegedly owed by Plaintiff.

23. The alleged debt at issue arises from transactions for personal, family, and household purposes.

24. In or around May 2020, Defendant began placing collection calls to Plaintiff on her cellphone number of 205-936-8264 in an attempt to collect the alleged debt.

25. Defendant calls Plaintiff from 888-627-3375, which is one of Defendant's telephone numbers.

26. Defendant's collector, who identifies himself as David Moore, also leaves voicemail messages for Plaintiff.

27. With regard to the above-referenced voicemail messages:

   a. Mr. Moore failed to disclose that the calls are from S&S CHECK SERVICES, LLC;
   b. Mr. Moore failed to disclose that the calls were made in an attempt to collect a debt; and
   c. Mr. Moore made veiled and vague threats of legal action against Plaintiff.

28. Despite having already located Plaintiff, Defendant also calls Plaintiff's family and friends.
29. Defendant's collector, who identifies himself as Mr. Moore, also leaves voicemail messages for Plaintiff's family and friends.
30. With regard to the above-referenced voicemail messages:
    a. Mr. Moore failed to disclose that the calls are from S&S CHECK SERVICES, LLC; and
    b. Mr. Moore made veiled and vague threats of legal action against Plaintiff.
31. The above-referenced empty and unlawful threats were calculated to frighten Plaintiff and Plaintiff's family and coerce Plaintiff to pay the alleged debt.
32. The natural consequences of Defendant's actions was to unjustly condemn and vilify Plaintiff for his non-payment of the debt Plaintiff allegedly owes.
33. The natural consequences of Defendant's actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.
34. The natural consequences of Defendant's actions was to cause Plaintiff mental distress.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

35. Plaintiff fully incorporates and re-alleges paragraphs 1 through 34 as if fully set forth herein under Count I of Plaintiff's First Amended Complaint.

36. Defendant violated the FDCPA based on the following:

a. Defendant violated § 1692b of the FDCPA by communicating with Plaintiff's family and friends without any permissible purpose because Defendant had already located Plaintiff—a clear attempt to embarrass and coerce Plaintiff into payment of the alleged debt;

b. Defendant violated § 1692c(b) of the FDCPA by communicating with Plaintiff's family and friends without any permissible purpose because Defendant had already located Plaintiff—a clear attempt to embarrass and coerce Plaintiff into payment of the alleged debt;

c. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when Defendant employed the above-referenced unlawful debt collection tactics in an attempt to coerce Plaintiff into payment of the alleged debt;

d. Defendant violated § 1692d(6) of the FDCPA by its placement of telephone calls without meaningful disclosure of the caller's identity when Defendant's collectors left voicemail messages for Plaintiff which failed to disclose that the calls were from S&S CHECK SERVICES, LLC;

e. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant engaged in at least the following discrete violations of § 1692e;

f. Defendant violated § 1692e(2)(A) of the FDCPA by its false representation of the character, amount, or legal status of any debt when Defendant's collector

made vague, veiled and empty threats of legal action against Plaintiff;

g. Defendant violated § 1692e(5) of the FDCPA by its threat to take any action that cannot legally be taken or that is not intended to be taken when Defendant's collector made vague, veiled and empty threats of legal action against Plaintiff;

h. Defendant violated § 1692e(10) of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant engaged in at least all of the other discrete violations of § 1692e alleged herein;

i. Defendant violated § 1692e(11) of the FDCPA when Defendant's collectors left Plaintiff voicemail messages that did not state that the communications were made in an attempt to collect a debt; and

a. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all of the misconduct alleged herein.

WHEREFORE, Plaintiff, STEPHANIE MAXEY, respectfully requests judgment be entered against Defendant, S&S CHECK SERVICES, LLC, for the following:

37. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

38. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

39. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ALABAMA DECEPTIVE TRADE PRACTICES ACT

40. Plaintiff fully incorporates and re-alleges paragraphs 1 through 34 as if fully set forth herein under Count II of Plaintiff's First Amended Complaint.

41. Defendant's foregoing conduct violated the ADTPA as it was engaging in unconscionable, false, misleading, or deceptive act or practice in the conduct of trade or commerce.

WHEREFORE, Plaintiff, STEPHANIE MAXEY, respectfully requests judgment be entered against Defendant, S&S CHECK SERVICES, LLC, for the following:

42. Actual damages, or the sum of $100, whichever is greater, pursuant to § 8-19-10(a)(1) of the ADTPA;

43. Treble damages pursuant to § 8-19-10(a)(2) of the ADTPA;

44. Costs and reasonable attorneys' fees pursuant to § 8-19-10(a)(3) of the ADTPA; and

45. Any other relief that this Honorable Court deems appropriate.

DATED: August 11, 2020

Respectfully submitted,
WALKER MCMULLAN, ATTORNEYS

By: /s/ M. Brandon Walker

M. Brandon Walker
Walker McMullan, Attorneys
242 West Valley Avenue, Suite 312
Birmingham, AL 35209
Tel: 205-417-2541
brandon@walkermcmullan.com
Attorney for Plaintiff